## No. 130
## BECK et v. ROGERS

Ohio Appeals, 6th Dist., Wood Co.

No. 358.    Decided Dec. 21, 1925

287. CONSIDERATION—When consideration proves absolutely worthless, representation as to value of said consideration must be admitted in evidence.

465. ERROR—Failure to charge jury that party relying and acting upon untrue representations of fact is entitled to a verdict for his damages, is reversible error.

WILLIAMS, J.

This action was commenced in the Wood Common Pleas by Walter Beck and Caroline Beck a co-partnership, wherein said partnership alleged that it had exchanged an automobile belonging to it for a parcel of land and a certain land contract belonging to one George Rogers.

The partnership further alleged that Rogers represented said parcel of land to be worth $4800; that the land contract was worth $2750; that said representations were false and fraudulent; and that owing to such false and fraudulent representations the said partnership was defrauded thereby, wherefore it prayed for damages.

Evidence was introduced tending to prove the land contract and parcel of land absolutely worthless. The trial court in its charge to the jury failed to make clear the law as to what sort of representations concerning value of land would be actionable. Judgment was rendered in Roger's favor and upon prosecution of error, the Court of Appeals held:

1. While representations of value are usually not actionable upon the theory that they are mere expressions of opinion, there are many exceptions to the rule.

2. Where evidence is introduced to show

## STATE COURT OF APPEALS—Continued

that considerations received were absolutely worthless, whereas such considerations were represented to have some definite value, such representations are actionable.

3. The court should charge the jury that if representations are made as to value of certain lands, and such lands are absolutely worthless, and the person making said representations knew at the time that they were untrue, or made same in reckless disregard of whether or not such representations were true, and the party to whom such representations were made relied and acted thereon, said party relying and acting thereon is entitled to a verdict for his damages.

4. The lower court failed to cover this phase of the case in his charge.

5. A failure to clearly tell the jury what would constitute false representations as to the value of the land and land contract made the charge misleading and was reversible error.

Judgment reversed.

Attorneys—Harold H. Kesler, Toledo, for Beck et; S. W. Bowman, Bowling Green, for Rogers.